IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:04cv662 |
| ) | |
| **MARSHALL KING, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on Canal Insurance Company's (Canal) motion for summary judgment and declaratory judgment. The only remaining defendant, Armstrong Wood Products, Inc., has not responded to the Plaintiff's motion that was filed in this court on October 17, 2005, and bearing a certificate of service dated October 14, 2005. Jurisdiction is proper under 28 U.S.C. § 1332. This action is for declaratory judgment pursuant to 28 U.S.C. § 2201 brought by Canal for a determination that it is not liable for certain claims under a canceled insurance policy. The parties stipulated to the facts relevant for disposition of this case.

### Undisputed Facts

Canal issued to Defendant Marshall King a business auto insurance policy identified as Policy No. VAP113875 (the policy), effective March 9, 2004, through March 9, 2005. (Stipulation of Uncontested Facts ¶1 (Stipulation); Policy attached as Ex. A to Pl.'s Mot. Summ. J. & Br. Supp.)(Pl.'s Mot. Summ. J.). Defendant King financed the payment of his premium for the policy through Prime Rate Premium Finance Corporation, Inc. (Prime Rate), which is licensed to act as a premium finance company in Virginia. The premium finance agreement

granted Prime Rate a power of attorney to act as attorney-in-fact for the insured for purposes of, among other things, requesting cancellation of the policy.  At all times material to this dispute, Prime Rate had the authority to act, and in fact acted, as Defendant King's agent.  (Stipulation ¶2).  Prime Rate, as attorney-in-fact for Defendant King, unconditionally requested in writing that Canal cancel the Policy to take effect May 6, 2004.  (Stipulation ¶3).  Canal canceled the policy accordingly.  (Stipulation ¶4).  By a check dated May 26, 2004, Canal returned the unearned potion of the premium applicable to the policy.  The check was cashed by Prime Rate on June 7, 2004.  (Stipulation ¶5).  On July 26, 2004, Mr. Demarcus Walker was involved in a motor vehicle accident while driving a vehicle owned by Marshall King.  Claims have been made against the policy regarding third party allegations of liability arising out of the accident.  (Stipulation ¶6).

### Standard of Review

Summary judgment is only to be granted when there is no genuine dispute as to any issue of material fact when all justifiable inferences are drawn in favor of the non-moving party and the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U. S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 255 (1986).  However, unsupported conclusory allegations by the non-moving party are not sufficient to create a genuine dispute of material fact sufficient to withstand the granting of dispositive relief.  Celotex Corp., 477 U. S. at 327 (White, J., concurring).

### Analysis

The Plaintiff's motion is uncontested, the relevant facts are stipulated, and all the relevant documents are attached to the Plaintiff's motion.  There is no dispute that the insurance policy was canceled by Prime Rate prior to the subject accident.  Prime Rate's agreement with King

provided in pertinent part:

> In consideration of the payment(s) to be made by Prime Rte ("PRF") to the above insurance companies ("Insured(s)"), their agents or representatives, the UNDERSIGNED INSURED (jointly and severally if more than one):
> . . .
> (2) Irrevocable appoints Prime Rate as Attorney-in-Fact with full authority to effect cancellation of the policies covered hereby or any substitution or rewrite thereof in accordance with the provisions herein, to receive all sums assigned to Prime Rate and to execute and deliver on behalf of the undersigned all documents, forms and notices relating to the policies covered hereby in furtherance of this agreement. This Power of Attorney is coupled with an interest and the powers given herein may be exercised by the Attorney-in-Fact, or its successors, and assigns.

(Ex. 2 attached to Stipulation).

Under Virginia Code § 39.2-2212(F)(2), an attorney-in-fact may cancel an insurance policy just as the insured may do. In this case, there is no dispute that Prime Rate canceled the policy effective May 6, 2004. Therefore, Canal is not liable under the policy for any claims arising from an accident that occurred thereafter on July 26, 2004.

It is so Ordered.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Date: November 2, 2005